Google.UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

Caption in Compliance with D.N.J. LBR 9004-1(b)
2021-0079

POWERS KIRN, LLC
ecf@powerskirn.com
William M. E. Powers III
728 Marne Highway, Suite 200
Moorestown, NJ 08057
856-802-1000
Attorney for Ally Bank

In Re:

Del Dwain Howard Allison
Donna Marie Allison
aka Donna Marie Introcaso
aka Donna Introcaso-Allison

Case No.: 21-13459-JKS

Hearing Date: 09/14/2021 at 10:00 am

Judge: Honorable John K. Sherwood

Chapter: 11

## AMENDED OBJECTION TO CONFIRMATION

Del Dwain Howard Allison
20 Dickson Road
Newton NJ 07860

Donna Marie Allison
aka Donna Marie Introcaso
aka Donna Introcaso-Allison
20 Dickson Road
Newton NJ 07860

David L. Stevens, Esquire
1599 Hamburg Turnpike
Wayne NJ 07470

Mark E. Hall, Trustee
49 Market Street
Morristown NJ 07960

PLEASE TAKE NOTICE that Ally Bank, through its attorney hereby objects to confirmation of the plan on grounds including:

1. On April 27, 2021, Del Dwain Howard Allison and Donna Marie Allison ("Debtors") filed the instant Subchapter V pursuant to Title 11.

2. Subchapter V was enacted to afford a streamlined reorganization to the small business debtor by minimizing the administrative costs normally associated with Chapter 11 bankruptcy proceedings. Individuals with "aggregate noncontingent liquidated secured and unsecured debts as of the date of the filing of the petition or the date of the order for relief in an amount not more than $7,500,000 (excluding debts owed to 1 or more affiliates or insiders) not less than 50 percent of which arose from the commercial or business activities of the debtor" are eligible for Subchapter V relief. See 11 U.S.C. §1182(1)(A).

3. The petition indicates that the Debtors are not a sole proprietorship. (Doc. #1, Page 4, ¶12) The petition indicates that the debts are primarily consumer debts and does not list any business debts. (Doc. #1, Page 6, ¶16).

4. On May 4, 2021, Mark Edward Hall, Esquire was appointed trustee in this case pursuant to 11 U.S.C. §1183(a). (Doc. #10)

5. On May 24, 2021, Debtors filed missing documents including a Summary of Your Assets and Liabilities and Certain Statistical Information, Schedules A/B, C, D, E/F, G, H, I, J, Statement of Financial Affairs for Individuals Filing for Bankruptcy. (Doc. #25) Schedule A/B lists the Debtors' residence as valued at $5,000,000. (Doc. #25, Page 4, ¶1.1) Schedule A/B indicated "No" for "Non-publicly traded stock and interests in incorporated and unincorporated businesses, including an interest in an LLC, partnership, and joint venture." (Doc. #25, Page 7, ¶19) Schedule A/B indicated "No" for "Do you own or have any legal or equitable interest in any business-related property? (Doc. #25, Page 9, ¶37) The Statement of Financial Affairs shows $0.00 gross income for wages, commissions, bonuses, tips or operating a business for 2021. (Doc. #25, Page 29, ¶4) The Statement of Financial Affairs requests details about the Debtors' business or connections to any business and Debtors have indicated "No. None of the above applies." (Doc. #25, Page 35-36, ¶27)

6. On June 30, 2021, a proof of claim was filed showing that Ally Bank holds a pre-petition claim in the amount of $352,564.10, which includes mortgage arrears of $271,312.62, secured by a second mortgage on the Debtors' residence. The proof of claim is identified as Claim 7 in the claims register.

7. On July 26, 2021, a Chapter 11 Small Business Debtors' Plan of Reorganization ("the Plan") was filed. The Plan is based on the court-developed template which was designed to streamline Subchapter V cases, however, omitted from the Plan are attachments including (1) the Debtors' most recent financial statements issued before the bankruptcy, (2) Debtors' most recent post-petition operating report filed since commencement of the bankruptcy case, (3) a summary of the Debtors' periodic operating reports filed since commencement of the bankruptcy case, (4) Executory contracts and unexpired leases to be assumed and tables showing the sources of the cash on hand as of the effective date. (Doc. #50)

8. On July 29, 2021, Debtors filed Amended Schedules D, E/F. (Doc. #52) The amended Schedule D was filed to change the scheduling of Ally Bank's claim from undisputed to disputed and to list the value of the collateral that supports Ally Bank's claim from $5,000,000 to $0.00. (Doc. #25, Page 13, ¶2.1 and Doc. #52, Page 3, ¶2.1)

9. The Plan is not subject to confirmation because the Plan fails to comply with the applicable provisions of title 11 or the proponent of the Plan has failed to comply with the applicable provisions of title 11 where less than 50 percent of the debt did not arise from the commercial or business activities of the debtor. See 11 U.S.C. §§1129(a)(1) and (a)(2).

10. Exhibit E attached to the Plan sets forth a liquidation analysis of the Debtors' residence, 20 Dickson Road, Newton, NJ 07860, valued at $5,000,000. (Doc. #50-5, Page 1)

11. The Debtors' residence has been listed with Mark Werner of Werner Realty at $2,900,000, and has been on realtor.com for 608 days. Zillow shows the same property has been on its website for 333 days. See copies of Realtor.com and Zillow attached as Exhibit A.

12. Article 1 of the Plan is silent as to real estate listing agreement with Werner Realty. The Debtors should have disclosed this information under either section 1.5 Debtors' Assets, 1.7 Current and Historical Financial Conditions, or 1.8 Events Leading to the Filing of the Bankruptcy Case. The concealment of the information surrounding the retention of Werner Realty and its efforts undertaken to market the residence coupled with the valuation difference of $2,100,000 demonstrates that the Plan is not filed in good faith, but rather it is being proposed by means forbidden by law. Thus, the Plan is not subject to confirmation inasmuch as the requirement of 11 U.S.C. §1129(a)(3) is not satisfied.

13. Section 1183 of Title 11 entitled "Trustee" provides in relevant part:

(b) DUTIES. - The trustee shall -

(2) perform the duties specified in paragraphs (3), (4), and (7) of section 1106(a) of this title, if the court, for cause and on request of a party in interest, the trustee, or the United States trustee, so orders;

11 U.S.C. §1183(b)(2). Section 1106 of Title 11 entitled "Duties of trustee or examiner" reads in pertinent part:

(a) A trustee shall -

(3) except to the extent that the court orders otherwise, investigate the acts, conduct assets, liabilities, and financial condition of the debtor, the operation of the debtor's business and the desirability of the continuance of such business, and any other matter relevant to the case or to the formulation of a plan;

(4) as soon as practicable -
(A) file a statement of any investigation conducted under paragraph (3) of this subsection, including any fact ascertained pertaining to fraud, dishonesty, incompetence, misconduct, mismanagement, or irregularity in the management of the affairs of the debtor, or to a cause of action available to the estate; and

      (B) transmit a copy or a summary of any such statement to any creditors' committee or equity security holders' committee, to any indenture trustee, and to such other entity as the court designates;

11 U.S.C. §1106(a)(3) -(4)

14. Ally Bank hereby requests an investigation into the misconduct surrounding the failure to disclose the real estate sales listing agreement with Mark Werner and the inflated value assigned to the real estate in the Debtors' Official Bankruptcy Schedules and the Plan.

15. Review of the claims registry reveals that Metropolitan Life Insurance Company is the holder of a claim in the amount of $359,242.65 that is secured by a first mortgage on the Debtors' residence as reflected by the amended proof of claim filed as Claim 3-2.

16. To the extent that Ally Bank's claim is subordinate only to the $359,242.65 due to Metropolitan Life Insurance Company, the claim of Ally Bank is fully secured to the extent that the Debtor's residence is valued at more than $359,242.65 when valued at confirmation of the Plan as Ally Bank's claim is protected from modification or bifurcation by 11 U.S.C. §1123(b)(5). Accordingly, confirmation must be denied because the Plan cannot satisfy the best interest of creditors test as incorporated into the confirmation requirement of 11 U.S.C. §1129(a)(7)(A)(ii).

17. Likewise, the Plan does not satisfy the fair and equitable standard for cramdown as a non-consensual plan to the extent that the Plan does not propose that Ally Bank will retain its lien and receive deferred cash payments totaling at least the allowed amount of such claim, of a value, as of the effective date of the plan, of at least the value of such holder's interest in the estate interest in such property. Thus, the confirmation requirement of 11 U.S.C. §1129(b)(2)(i) is not satisfied.

18. The Plan discusses the treatment of Ally Bank's claim as Class 1 under Article 2. (Doc. #50 at Page 13) While the Plan appears to indicate that the Debtors seek to dispute Ally Bank's claim,

which is secured by a second mortgage on the Debtor's residence, there has never been any objection to Claim 7 filed. The filing of an amendment to Schedule D to reflect that a claim is "disputed" is insufficient to object to the duly filed proof of claim of Ally Bank. See Rule 3007 of the Federal Rules of Bankruptcy Procedure.

19. The reliance upon "information and belief" to dispute a claim is insufficient to overcome the prima facia evidence given to the validity and amount of Ally Bank's claim by Rule 3001(f) of the Federal Rules of Bankruptcy Procedure. Pursuant to 11 U.S.C. §502(a), a properly filed proof of claim is deemed allowed unless a party in interest objects. This provision is a codification of the well-settled practice, as expressed by Mr. Justice Holmes of "treating a sworn proof of claim as some evidence, even when it is denied." *Whitney v. Dresser*, 200 U.S. 532, 536, 26 S.Ct. 316, 317, 50 L.Ed. 584 (1906). Such allowance compels the objecting party to go forward and produce sufficient evidence to rebut the claimant's prima facie case. *Simmons v. J.T. Savell* (In re Simmons), 765 F.2d 547, 552 (5th Cir.1985); *Global Western Development Corporation v. Northern Orange County Credit Service, Inc.*, 759 F.2d 724, 727 (9th Cir.1985); *In re Gorgeous Blouse Co., Inc.*, 106 F.Supp. 465 (S.D.N.Y.1952).

19. The Plan fails to satisfy the feasibility requirements of 11 U.S.C. §1129(a)(11). The Debtors' failure to file monthly operating reports in this case as required by 11 U.S.C. §1187(b) and the omission of this information, which the court-developed template envisioned would be included with the Plan, dispels any credibility surrounding the pro forma projections provided under Debtors' cash flow analysis attached to the Plan as Exhibit C.

20. Section 1129(a)(11) of the Bankruptcy Code requires Debtors to demonstrate, by a preponderance of the evidence, that "confirmation is not likely to be followed by the liquidation, or the need for further financial reorganization of the debtor ..." 11 U.S.C. §1129(a)(11). "The purpose of 1129(a)(11) 'is to prevent visionary schemes that promise creditors and equity security holders more

under a proposed plan that the debtor could possibly attain after confirmation.'" *In re Sound Radio, Inc.*, 103 B.R. 521, 522 (D.N.J. 1989) *aff'd without opinion*, 908 F.2d 964 (3d Cir.1990).

21. In sum, the Plan is not capable of achieving confirmation as failing to satisfy the requirements of 11 U.S.C. §§1129(a) (1), (a)(2), (a)(3), (a)(7)(A)(ii), (a)(11) and (b)(2)(i). Accordingly, Ally Bank respectfully requests the Court to deny confirmation and convert the case to a Chapter 7 proceeding.

TAKE FURTHER NOTICE that the objecting creditor's attorneys shall be appears at the confirmation hearing(s) and requesting a counsel fee to prosecute its objections.

                                      POWERS KIRN, LLC

                                      /s/ William M. E. Powers III
                                      BY: William M. E. Powers III

DATED: August 11, 2021